**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| OSCAR GERARDO CRUZ,<br>Petitioner,<br><br>v.<br><br>JASON KNIGHT, et al.,<br>Respondents. | **ORDER**<br><br>Case No. 1:26-cv-237-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

The provisional appointment of the Office of the Federal Defender is **RESCINDED**. Although there is "no constitutional right to counsel in habeas corpus proceedings in federal courts," *Flowers v. Oklahoma,* 356 F.2d 916, 917 (10th Cir. 1966), the court may appoint counsel for persons "seeking relief under section 2241 . . . of title 28" if it "determines that the interests of justice so require," 18 U.S.C. § 3006A(a)(2). And, under General Order 26-005, the Office of the Federal Defender has been provisionally appointed to represent individuals detained in immigration custody in this district who have contacted the Office seeking representation in connection with a habeas corpus petition. The court, however, "retains the discretion to rescind the provisional appointment" if it "is not satisfied that the interests of justice require the appointment of the Federal Public Defender." General Order 26-005.

It is not clear from Mr. Cruz's habeas corpus petition whether the government is detaining him under 8 U.S.C. § 1225 or 8 U.S.C. § 1226(a). But if the government is detaining Mr. Cruz under § 1225, then Mr. Cruz's entitlement to relief under controlling Tenth Circuit precedent is not subject to serious dispute. *See generally Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). And if the government is detaining Mr. Cruz under § 1226(a), then Mr. Cruz's claims are novel and aggressive and go well beyond the text of any governing statute or the holding of any controlling Supreme Court or Tenth Circuit decision. Either way, the court is

not persuaded that additional briefing that would require the assistance of counsel is needed at this time or that the Office's provisional appointment is otherwise warranted. More generally, the court has serious concerns about the Office's appointment as counsel in this matter given that Office's limited resources, the high volume of cases such as this one currently being litigated in the federal courts, and the apparent divergence of the representation here from the Office's core mission of defending indigent individuals charged with federal crimes. The court accordingly concludes that the interests of justice do not require the Office's appointment as counsel in this action at this time.

Docket Number 3, Mr. Cruz's Emergency Motion to Stay Transfer During Pendency of Petition, is **DENIED**. Mr. Cruz's presence in Utah is not required for the court to retain jurisdiction in this action. *See Santillanes v. United States Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985). And it does not appear that a stay preventing any further change in the location where Mr. Cruz is detained is necessary to enable the court to address the legal issues presented in his petition.[1] Indeed, even if the court were to subsequently determine that the appointment of

[1] In his motion for a stay, Mr. Cruz requests in passing that the court order that he not be "deported while the petition is pending." Dkt. No. 3 at 2. But he neither contends in his petition that his removal from the United States would be unlawful nor seeks a court order barring his removal. And it is far from clear that the court would have jurisdiction to consider such an argument or to grant such relief in all events. *See* 8 U.S.C. §§ 1252(b)(9), (g). Further, absent a request for such relief in the petition, it is doubtful whether interim equitable relief barring his removal is warranted. *See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 324–27 (1999); *Deckert v. Independence Shares Corp.*, 311 U.S. 282, 289 (1940).

In all events, Mr. Cruz has failed to argue—let alone demonstrate—that a stay of his removal from the United States pending resolution of his petition will prevent irreparable harm that he would likely suffer absent such relief. Rather, Mr. Cruz argues that his detention during the pendency of the removal proceedings that appear to pending against him is unlawful. But a stay of removal pending disposition of his habeas petition would not remedy any irreparable injury associated with that detention. To the contrary, such a stay could potentially prolong that detention and thus increase such injury.

counsel is warranted in this case, counsel could address the legal issues presented in the petition through briefing.

**IT IS SO ORDERED.**

Dated this 23rd day of November, 2026.

BY THE COURT:

Howard C. Nielson, Jr.
United States District Judge